IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILL LIETZKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-24-94-R |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

For over a decade, Plaintiff has been filing lawsuits around the country against the City of Montgomery, Alabama or other Alabama defendants for events that allegedly occurred in Alabama. *See Lietzke v. City of Montgomery, AL*, 2023 WL 3238945, at *3-4 (M.D. Ala. May 3, 2023) (summarizing the different types of claims Plaintiff files and noting that "Lietzke is infamous for his vexatiously serial, frivolous filings"). Most recently, Plaintiff filed seven actions in this Court that repeat the same frivolous allegations that have been previously litigated in numerous other cases. Plaintiff's litigation conduct is so abusive that multiple district courts have imposed filing restrictions on him. *See, e.g., id.*; *Lietzke v. City of Montgomery,* 2018 WL 702889, at *1 (D. Nev. Feb. 2, 2018); *Lietzke v. County of Montgomery, et al.*, Case No. 2:13-cv-04468-B-BK (N.D. Tex. March 3, 2008); *Lietzke v. City of Birmingham, et al.*, Case No. 9:19-cv-61-M-DLC (D. Mont. April 19, 2019).

1

The Court has reviewed the Complaint filed in this action and, as Plaintiff well knows, personal jurisdiction over the named defendants is lacking and venue is improper in this Court. *See Lietzke v. Cnty. of Montgomery*, 2013 WL 1033037, at *4 (D. Utah Feb. 21, 2013), report and recommendation adopted, 2013 WL 1031725 (D. Utah Mar. 14, 2013) (outlining requirements for personal jurisdiction and venue and dismissing Plaintiff's action). Moreover, Plaintiff's claims are plainly frivolous as they merely repeat previously litigated allegations. *See Griffin v. Zavaras*, 336 F. App'x 846, 849 (10th Cir. 2009) ("A complaint that rehashes previously litigated issues may be dismissed as frivolous or malicious."). Under these circumstances, the Court also finds that granting leave to amend would be futile.

Accordingly, pursuant to the Court's inherent power to manage its docket, Plaintiff's action is dismissed without prejudice. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Plaintiff's Motion for Leave to Proceed in forma pauperis [Doc. No. 2] is denied as moot. Plaintiff is cautioned that this Court will not tolerate abusive litigation conduct and will impose sanctions, including monetary penalties or filing restrictions, if appropriate.

**IT IS SO ORDERED** this 31st day of January, 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE